# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff*,<br><br>v.<br><br>STATE OF TEXAS,<br><br>  *Defendant.* | CIVIL No. 7:25-cv-00055<br><br>**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT** |

  The United States of America (Plaintiff) and the State of Texas (Defendant) jointly move this Court to enter the attached proposed Consent Judgment as to the claim and prayer for relief outlined in the Complaint. ECF No.1. In support of this motion, the Parties incorporate the allegations in the Complaint by reference and state the following:

  1. Plaintiff filed suit against Defendant on June 4, 2025.

  2. The Parties agree the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and venue is proper under 28 U.S.C. § 1391(b).

  3. In the Complaint, Plaintiff challenged the provisions at Texas Education Code §§ 54.051(m) and 54.052(a) as expressly preempted by federal immigration law at 8 U.S.C. § 1623.

  4. Plaintiff requested that this Court enter a judgment declaring that the challenged provisions, as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and therefore are unconstitutional and invalid. Plaintiff also requested that the Court issue a permanent injunction prohibiting Defendant from enforcing the challenged provisions as applied to aliens who are not lawfully present in the United States.

5. The Parties agree the Court has the authority to provide the requested relief under the Supremacy Clause, U.S. Const. art. VI, cl. 2, as well as 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

6. Federal law at Section 1623(a) of Title 8 of the United States Code expressly provides that "an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether the citizen or national is such a resident." 8 U.S.C. § 1623(a).

7. In direct and express conflict with federal law, Texas education law specifically allows an alien who is not lawfully present in the United States to qualify for in-state tuition based on residence within the state, while explicitly denying resident-based tuition rates to U.S. citizens that do not qualify as Texas residents. *See* Texas Education Code §§ 54.051(m), 54.052(a)(3).

8. The Parties agree that federal law at 8 U.S.C. § 1623(a) expressly preempts the Texas Education Code provisions—§§ 54.051(m), 54.052(a)—that grant benefits to aliens, who are not lawfully present in the United States, based on their residency in Texas, that are not available to all U.S. citizens regardless of residency. *See* Texas Education Code §§ 54.051(m), 54.052(a); *Young Conservatives of Texas Foundation*, 73 F.4th at 313 ("No matter what a state says, if a state did not make U.S. citizens eligible, illegal aliens cannot be eligible.").

9. Accordingly, the Parties request that the Court enter a final judgment declaring that the challenged provisions, Texas Education Code §§ 54.051(m), 54.052(a), as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and are therefore unconstitutional and invalid.

10. The Parties request that that this Court issue a permanent injunction that prohibits Defendant as well as its successors, agents, and employees, from enforcing the challenged provisions as applied to aliens who are not lawfully present in the United States.

11. The Parties agree that each party will bear their own costs and fees.

DATED: June 4, 2025

*Counsel for Plaintiff*

CHAD MIZELLE
Acting Associate Attorney General
ABHISHEK S. KAMBLI
Deputy Associate Attorney General
YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
ELIANIS N. PÉREZ
Assistant Director
Civil Division

*/s/ Lauren E. Fascett*
LAUREN E. FASCETT
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3466
Fax: (202) 305-7000
Email: lauren.fascett@usdoj.gov

*Attorneys for the United States*

Respectfully submitted,

*Counsel for Defendant*

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Ryan D. Walters**
Deputy Attorney General for Legal Strategy

**Ryan G. Kercher**
Chief, Special Litigation Division

*/s/ Zachary L. Rhines*
**Zachary L. Rhines**
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

**Wade Johnson**
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100

COUNSEL FOR THE STATE OF TEXAS

3