**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF TEXAS, <br><br> Defendant. <br><br> and <br><br> STUDENTS FOR AFFORDABLE TUITION <br><br> Defendant-Intervenor | Case No.: 7:25-cv-00055-O <br><br> **[PROPOSED] DEFENDANT-INTERVENOR STUDENTS FOR AFFORDABLE TUITION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**[PROPOSED] ANSWER**

Defendant-Intervenor Students for Affordable Tuition (hereinafter, "Defendant-Intervenor") respectfully answers in response to the Complaint for Declaratory and Injunctive Relief of Plaintiff United States of America ("United States" or "Plaintiff") [Dkt. 1].

The opening unnumbered paragraphs of Plaintiff's Complaint contain legal conclusions and argument to which no response is required. As to the term "illegal aliens" used in the Complaint, Defendant-Intervenor will instead use the term "undocumented persons" to refer to non-U.S. citizen residents in the United States without permanent residency. To the extent a response is required to the opening unnumbered paragraphs, Defendant-Intervenor denies.

1

Defendant-Intervenor answers the numbered allegations and paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Defendant-Intervenor admits Paragraph 1 of the Complaint.

2.      Defendant-Intervenor denies that venue is proper in this jurisdiction to hear and to decide Plaintiff's claim because there are other more appropriate venues where a substantial part of the events occurred rather than this district.

3.      The allegations in Paragraph 3 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that the Supremacy Clause, U.S. Const. art. VI, cl. 2, is a clause in the United States Constitution and avers that the clause speaks for itself.  Defendant-Intervenor further admits that 28 U.S.C. §§ 1651, 2201, 2202 are federal statutes, and avers that they speak for themselves.

## PARTIES

4.      The allegations in Paragraph 4 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that United States of America is the plaintiff in this matter; the Department of Justice and Department of Homeland Security ("DHS") are administrative agencies of Plaintiff United States of America; and that the U.S. Immigration Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection are part of DHS.

5.      Defendant-Intervenor admits Paragraph 5.

## FEDERAL LAW

6.      The allegations in Paragraph 6 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that U.S. Const. art. I, §8, cls. 3 and 4 are clauses in the United States Constitution and avers that the clauses speak for themselves.  Defendant-Intervenor also admits that U.S. Const. art. I, § 8 is a section in the United States Constitution and avers that the section speaks for itself.

7.      The allegations in Paragraph 7 of the Complaint state legal conclusions, to which no response is required.

8.      The allegations in Paragraph 8 of the Complaint state legal conclusions, to which no response is required.

9.      The allegations in Paragraph 9 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that President Trump issued Executive Orders titled "Ending Taxpayer Subsidization of Open Borders" on February 19, 2025 and "Protecting American Communities from Criminal Aliens" on April 28, 2025.

10.     The allegations in Paragraph 10 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that statutory provisions were added to the Immigration and Nationality Act in 1996.

11.     The allegations in Paragraph 11 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Congress passed legislation in 1996 titled the "Illegal Immigration Reform and Immigration Responsibility Act" codified at Pub. L. No. 104-208, Div. C, §§ 306, 308, 110 Stat. 3009–546 (1996).  Defendant-Intervenor also admits that 8 U.S.C. § 1601 is a federal statute and avers that it speaks for itself.

12.     The allegations in Paragraph 12 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1601(2)(A) is a federal statute and avers that it speaks for itself.

13.     The allegations in Paragraph 13 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. §§ 1601(2)(B), 1601(5), and 1601(6) are federal statutes and avers that they speak for themselves.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623 is a federal statute and avers that it speaks for itself.

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

## TEXAS LAW

16.     The allegations in Paragraph 16 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.051(m) and 54.052(a)(3) are state statutes and avers that they speak for themselves.

17.     The allegations in Paragraph 17 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.0501(3), 54.051(m), and 54.052 are state statutes, which were amended by Senate Bill 1528 in 2005, and avers that they speak for themselves. Defendant-

Intervenor also admits that the Texas Legislature passed House Bill 1403, known as the Texas Dream Act in 2001, which grants eligible Undocumented Persons access to in-state tuition rates at Texas public colleges and universities, and avers that House Bill 1403 speaks for itself.

18.      The allegations in Paragraph 18 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.0501, 54.0501(3), 54.0501(4), 54.0501(6), and 54.0501(7) are state statutes and avers that they speak for themselves.

19.      Defendant-Intervenor admits that Texas Education Code § 54.051(m) is a state statute and avers that it speaks for itself.

20.      Defendant-Intervenor admits that Texas Education Code § 54.051(d) is a state statute and avers that it speaks for itself.

21.      The allegations in Paragraph 21 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code § 54.051(c) is a state statute and avers that it speaks for itself.

22.      The allegations in Paragraph 22 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code § 54.051(b) is a state statute and avers that it speaks for itself.

23.      The allegations in Paragraph 23 of the Complaint state legal conclusions, to which no response is required.

24.      The allegations in Paragraph 24 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.051(c) and 54.052(a) are state statutes and avers that they speak for themselves.

25.     The allegations in Paragraph 25 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §54.052(a) is a state statute and avers that it speaks for itself.

26.     The allegations in Paragraph 26 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.052(a)(3) and 54.053(3)(B) are state statutes and avers that they speak for themselves.

27.      The allegations in Paragraph 27 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.051(c), 54.051(d), 54.052(a) are state statutes and avers that they speak for themselves.

28.     The allegations in Paragraph 28 of the Complaint state legal conclusions, to which no response is required.

29.     Defendant-Intervenor admits Paragraph 29.

## THE TEXAS LAW IS PREEMPTED

30.     The allegations in Paragraph 30 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that the Supremacy Clause, U.S. Const. art. VI, cl. 2, is a clause in the United States Constitution and avers that the clause speaks for itself.

31.     The allegations in Paragraph 31 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Pacific Gas and Elec. Co. v. State Energy Resources Conserv. & Develop. Comm'n*, 461 U.S.

190 (1983), is a decision of the United States Supreme Court and avers that the decision speaks for itself.

32.    The allegations in Paragraph 32 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona v. United States*, 567 U.S. 387 (2012), is a decision of the United States Supreme Court and avers that the decision speaks for itself.  Defendant-Intervenor also admits that *Barrosse v. Huntington Ingalls, Inc.*, 70 F.4th 315 (5th Cir. 2023) and *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995) are decisions of the Fifth Circuit Court of Appeals and avers that the decisions speak for themselves.

33.    The allegations in Paragraph 33 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Gade v. National Solid Wastes Management Ass'n.,* 505 U.S. 88 (1992), *Maryland v. Louisiana*, 451 U.S. 725 (1981), and *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992) are decisions of the United States Supreme Court and avers that the decisions speak for themselves. Defendant-Intervenor also admits that *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500 (5th Cir. 2022) and *Aux Sable Liquid Products v. Murphy*, 526 F.3d 1028 (7th Cir. 2008) are decisions of the Fifth Circuit Court of Appeals and Seventh Circuit Court of Appeals, respectively, and avers that the decisions speak for themselves.

34.    The allegations in Paragraph 34 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115 (2016), *Malone v. White Motor Corp.*, 435 U.S. 497 (1978), and *Retail Clerks v. Schermerhorn*, 375 U.S. 96 (1963) are decisions of the United States Supreme Court and avers that the decisions speak for themselves.  Defendant-

Intervenor also admits that *Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696 (5th Cir. 2022), is a decision of the Fifth Circuit Court of Appeals and avers that the decision speaks for itself.

35.    The allegations in Paragraph 35 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Young Conservatives of Texas Foundation v. Smatresk,* 73 F.4th 304 (5th Cir. 2023), is a decision of the Fifth Circuit Court of Appeals, and avers that the decision speaks for itself. Defendant-Intervenor also admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

36.    The allegations in Paragraph 36 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

37.    The allegations in Paragraph 37 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

38.    The allegations in Paragraph 38 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that Texas Education Code §§ 54.051(m) and 54.052(a)(3) are state statutes and avers that they speak for themselves.  Defendant-Intervenor further admits that *Young Conservatives of Texas Foundation v. Smatresk,* 73 F.4th 304 (5th Cir. 2023), is a decision of the Fifth Circuit Court of Appeals and avers that the decision speaks for itself.

39.     The allegations in Paragraph 39 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Texas Education Code §§ 54.051(m) and 54.052(a)(3) are state statutes and avers that they speak for themselves.  Defendant-Intervenor also admits that *Young Conservatives of Texas Foundation v. Smatresk,* 73 F.4th 304 (5th Cir. 2023), is a decision of the Fifth Circuit Court of Appeals and avers that the decision speaks for itself.

40.     The allegations in Paragraph 40 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 40.

**CLAIM FOR RELIEF**
**Violation of the Supremacy Clause (Express Preemption)**

41.     Answering Paragraph 41 of the Complaint, Defendant-Intervenors repeats and incorporates here by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraph 1 through 40 of the Complaint as though fully set forth here.

42.     The allegations in Paragraph 42 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 42 as the Fifth Circuit has already addressed whether Texas Education Code §§ 54.051(m) and 54.052(a) violate the Supremacy Clause, reversing the lower court's decision that the Illegal Immigrant Reform and Immigrant Responsibility Act did not expressly or impliedly preempt the Texas state statutes at issue here.  *See Young Conservatives of Texas Foundation v. Smatresk*, 73 F.4th 304 (5th Cir. 2023).

**PRAYER FOR RELIEF**

The remainder of the Complaint—including the WHEREFORE clause, Paragraphs 1 through 4—contains Plaintiff's requests for relief, to which no response is required. To the extent that any response to those parts of the Complaint is deemed to be required, Defendant-Intervenor denies all of the allegations set forth there and denies that Plaintiff is entitled to any of the relief requested or to any other forms of relief whatsoever.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to the cause of action purported to be set forth by Plaintiff in the Complaint, Defendant-Intervenor alleges as follows, subject to Defendant-Intervenor's rights to amend and assert such other affirmative defenses as may become available during discovery in this action:

1.     The Complaints asks this Federal Court to commandeer State regulatory resources in violation of the Tenth Amendment to the United States Constitution, and principles of Federalism.

2.     Plaintiff has unclean hands to the extent that it has failed to provide sufficient notice for the public and other third parties to intervene in this matter or challenge the final consent judgment entered between Plaintiff and Defendant State of Texas.

3.     Plaintiff has unclean hands to the extent that its interests and the interest of Defendant State of Texas are aligned and inadequate to represent the interests of Defendant-Intervenor.

**WHEREFORE**, Defendant-Intervenor respectfully requests as follows:

1.     That Plaintiff's Complaint and the cause of action raised in the Complaint be dismissed with prejudice;

10

2.      That Plaintiff take nothing by way of the Complaint;

3.      That Defendant-Intervenor be awarded costs of the suit and attorneys' fees.

4.      That the Court order such other and further relief for Defendant-Intervenor as the

Court may deem appropriate.

Dated: June 11, 2025                              Respectfully submitted,

                                                  /s/ Nina Perales
                                                  Nina Perales (Tex. Bar No. 24005046)
                                                  MEXICAN AMERICAN LEGAL DEFENSE
                                                  AND EDUCATIONAL FUND
                                                  110 Broadway, Suite 300
                                                  San Antonio, Texas 78205
                                                  Facsimile: (210) 224-5382
                                                  Email: nperales@maldef.org

                                                  Thomas A. Saenz (Cal. Bar No. 159430)*
                                                  Fernando Nunez (Cal. Bar No. 327390)*
                                                  Luis L. Lozada (Cal. Bar No. 344357)*
                                                  MEXICAN AMERICAN LEGAL DEFENSE
                                                  AND EDUCATIONAL FUND
                                                  634 South Spring Street, 11th floor
                                                  Los Angeles, CA 90014
                                                  Facsimile: (213) 629-0266
                                                  Email: tsaenz@maldef.org
                                                  fnunez@maldef.org
                                                  llozada@maldef.org

                                                  *Attorneys for Students for Affordable Tuition*

                                                  *Pro Hac Vice Applications Forthcoming*