CHAD MIZELLE
Acting Associate Attorney General
ABHISHEK S. KAMBLI
Deputy Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
ELIANIS N. PEREZ
Assistant Director
LAUREN E. FASCETT
Senior Litigation Counsel Office of Immigration Litigation
General Litigation and Appeals Section
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF TEXAS,<br><br>     Defendant. | Civ. No. 7:25-cv-00055-O |

**JOINT RESPONSE TO COURT'S JUNE 25, 2025, ORDER**

Pursuant to the Court's June 25, 2025, Order (ECF No. 21), the Parties respectfully request that the Court follow the standard briefing schedule set forth in Local Rule 7.1(e), which allows the Parties twenty-one (21) days to respond to Intervenors' Emergency Motion to Intervene (ECF No. 16). The Parties asks that the Court stay briefing on the Emergency Motions to Stay and to Vacate the Judgment (ECF Nos. 17 and 18) until it has ruled on the motions to intervene. This request is made for good cause and not for purposes of delay.

Plaintiff filed its Complaint on June 4, 2025, asserting that Texas Education Code §§ 54.051(m) and 54.052(a)(3) are preempted by federal immigration law, specifically 8 U.S.C. § 1623. That same day, upon the parties' joint motion, the Court entered an Order and Final Judgment (ECF No. 8, the "Consent Order") declaring the challenged provisions unconstitutional and invalid under the Supremacy Clause.

On June 11, 2025, Students for Affordable Tuition ("SAT") filed the Opposed Motion to Intervene, seeking to intervene for the purpose of appealing the Consent Order. Plaintiff's response to that motion is currently due July 2, 2025, under Local Rule 7.1(e).

Subsequently, on June 24, 2025, three additional parties—La Union del Pueblo Entero ("LUPE"), Austin Community College ("ACC"), and Oscar Silva ("Silva")—filed an Emergency Motion to Intervene (ECF No. 16), along with an Emergency Motion to Stay Judgment (ECF No. 18) and an Emergency Motion for Relief from Judgment (ECF No. 17) (collectively, the "Accompanying Motions"). These intervenors seek to intervene to pursue reconsideration or appeal of the Consent Order. The Parties' responses to these motions are due July 15, 2025.

Proposed intervenors frame their motions as "Emergency" motions and thus seek an expedited briefing schedule. Neither the United States nor Texas see the need for expedited briefing. In their various motions, intervenors raise several issues, each of which merit response from Texas and the United States. Whether those responses come in roughly two weeks—July 15—or some time slightly earlier should not harm the intervenors. And even if it does, such harm would be merely economic and thus redressable at a later date. Expediting responses to intervenors' motions would only serve put the United States and Texas at a disadvantage, having to brief and respond to intervenors' myriad of arguments in a drastically shorter timeframe than would otherwise be necessary, and would do nothing to help intervenors expedite any potential relief.

On that note, the Parties requests that the Court stay briefing on the Accompanying Motions until the motions to intervene are resolved, as these motions are improperly before the Court and premature. Would-be intervenors are not parties to the case and, as such, cannot seek review of the Court's approval of the consent decree. Under Fed. R. Civ. P. 59(a)(1), the Court may grant a new trial on all or some issues, but only for parties to the case. Similarly, Fed. R. Civ. P. 60(b) allows the Court to relieve a party from a final judgment, but only a party or its legal representative may seek such relief. This principle is reflected in *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996), which held that would-be intervenors who were denied leave to intervene did not acquire party status and thus could not seek review of a final judgment approving a consent decree. Since the would-be intervenors are attempting to join the case after judgment, the key issue is whether they are entitled to intervene.

Granting this request promotes the efficient resolution of the issues before the Court and conserve judicial and party resources. This approach aligns with the mandate of Rule 1 of the Federal Rules of Civil Procedure to ensure the "just, speedy, and inexpensive determination of every action."

DATED: June 30, 2025                                             Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

ABHISHEK S. KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE                                      ELIANIS N. PÉREZ
Assistant Attorney General                             Assistant Director
Civil Division

                                                       */s/ Lauren E. Fascett*
DREW C. ENSIGN                                         LAUREN E. FASCETT
Deputy Assistant Attorney General                      Senior Litigation Counsel
                                                       United States Department of Justice
                                                       Civil Division
                                                       Office of Immigration Litigation

3

General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3466
Fax: (202) 305-7000
Email: lauren.fascett@usdoj.gov
*Attorneys for the United States*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

WADE A. JOHNSON
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

COUNSEL FOR DEFENDANT,
THE STATE OF TEXAS

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, a copy of the above was electronically filed with the Court's CM/ECF system and served on all counsel of record.

                               */s/ Lauren E. Fascett*
                               Lauren E. Fascett
                               Senior Litigation Counsel