UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:25-cv-00055-O |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**PROPOSED INTERVENORS' REPLY TO THE
PARTIES' JOINT SUBMISSION [DKT. NO 40]**

Over the span of a few hours on June 4, 2025, Plaintiff United States of America and Defendant State of Texas (collectively, the "Parties") colluded to obtain a consent decree barring enforcement of the Texas Dream Act. The resulting decree inflicts imminent and irreparable harms on the Proposed Intervenors and thousands of other students who depend on the Texas Dream Act. But though the parties were prepared to resolve this litigation in a matter of hours, when asked to respond on an expedited basis to the consequences of their actions and the imminent harm raised in Proposed Intervenors'[1] Emergency Motion to Intervene (Dkt. No.16), Emergency Motion to Vacate (Dkt. No. 17), and Emergency Motion for Stay (Dkt. No. 18) (collectively, the "Emergency Motions"), the Parties balk, insisting that the Court should postpone its consideration of these motions until well past the point when the looming harms become irreversible. They do so without

---

[1] Proposed Intervenors include La Unión del Pueblo Entero ("LUPE"), Austin Community College ("ACC"), and Oscar Silva.

justification or good cause. The Parties' Joint Request should be denied, and the Court should order expedited briefing on the Emergency Motions.

As outlined in the Emergency Motions, Proposed Intervenors and thousands of Texas students stand at the precipice of irreparable harm. The Texas Higher Education Coordinating Board has already directed colleges to "assess the population of [affected] students" who "need to be reclassified as non-residents and charged non-resident tuition for the *fall 2025 semester*."[2] That impending tuition increase will impose an unsustainable burden on students—one that will force countless students out of school altogether. *See, e.g.*, *Young Conservatives of Texas Found. v. Univ. of N. Tex.*, 609 F. Supp. 3d 504, 514 (E.D. Tex. 2022) (recognizing that "a significant impact on students' financial condition" can constitute "substantial injury").

Proposed Intervenor Oscar Silva, for example, faces a potential threefold increase in tuition cost, which could force him to drop out of college.[3] At least six LUPE members were similarly affected by the June 4 Consent Order and sought guidance from LUPE regarding their college plans.[4] And the Consent Order impacts approximately 440 ACC students, each of whom also now face mandatory tuition increases, impacting ACC's revenue, enrollment, student enrollment, recruitment, scholarships, academic programs, and other functions, as well as ACC's reputation as a whole.[5]

The Parties do not grapple with these imminent and irreparable harms. Instead, they cursorily brush them aside as "merely economic and thus redressable at a later date."[6] But Proposed Intervenors' loss of educational opportunities, as well as the other harm outlined in the

---

[2] App. 108 (emphasis added).
[3] Proposed Intervenors' Appendix (Dkt. No. 19) ("App.") 137 (Ex. 15, Decl. of Oscar Silva ¶ 9).
[4] App. 117 (Ex. 11, Decl. of Tania Chavez ¶ 26).
[5] App. 141–43 (Ex. 16, Decl. of Russell Lowery-Hart, PhD ¶¶ 5–6).
[6] Dkt. No. 40 at 2.

Emergency Motions, is irreparable and not merely redressable through monetary remedy. *See, e.g.*, *Kroupa v. Nielsen*, 731 F.3d 813, 821 (8th Cir. 2013).

The Parties do not even ask to respond to the Emergency Motions on a typical schedule (which would not reflect the urgency of the issue), but go farther still, asking the Court to postpone its consideration of the Proposed Intervenors' Emergency Motion to Vacate and Emergency Motion for Stay indefinitely until the Emergency Motion to Intervene is "resolved."[7] This proposed stay would push any decision on the vacatur and stay motions into at least late August, if not after, which would be well into the fall 2025 semester. By that point, countless students may have already been forced to abandon their educations.

Against these life-altering consequences, the Parties fail to identify any prejudice in expedited briefing. They only allude to the "disadvantage" of "having to brief and respond to intervenors' myriad of arguments in a drastically shorter timeframe than would otherwise be necessary."[8] But the necessity here is a product of the Parties' own actions. They filed a choreographed suit designed to be resolved before the Proposed Intervenors or other affected Texans were afforded an opportunity to raise their concerns. Given the stakes, prompt review is essential.

The Parties fail to articulate any concrete justification for delaying resolution of the Emergency Motions. The Court should expedite briefing and resolution, as Proposed Intervenors requested.

---

[7] Dkt. No. 40 at 3.
[8] *Id.* at 2.

Dated: July 1, 2025

Respectfully submitted,

*/s/ Andrés Correa*
Andrés Correa
Texas Bar No. 24076330
acorrea@lynnllp.com
Christopher Patton
Texas Bar No. 24083634
cpatton@lynnllp.com
Yaman Desai
Texas Bar No. 24101695
ydesai@lynnllp.com
Kyle A. Gardner
Texas State Bar No. 24116412
kgardner@lynnllp.com
Zhenmian Xu
Texas Bar No. 24135820
sxu@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

*/s/ Kassandra Gonzalez*
Kassandra Gonzalez (*pro hac vice*)
Texas Bar No. 24116439
kassandra@texascivilrightsproject.org
Molly Petchenik
Texas Bar No. 24134321
molly@texascivilrightsproject.org
Daniel Woodward (*pro hac vice*)
Texas Bar No. 24138347
danny@texascivilrightsproject.org
**TEXAS CIVIL RIGHTS PROJECT**
P.O. Box 17757
Austin, TX 78760
(512) 474-5073 ext. 182 Telephone
(512) 474-0726 Facsimile

Daniel Hatoum (*pro hac vice*)
Texas Bar No. 24099136
daniel@texascivilrightsproject.org
**TEXAS CIVIL RIGHTS PROJECT**
1017 W. Hackberry Ave.
Alamo, TX 78516

(512) 474-5073 ext. 182 Telephone
(512) 474-0726 Facsimile

*/s/ Efrén C. Olivares*
Efrén C. Olivares
Texas Bar No. 24065844
Federal Bar No. 1015826
olivares@nilc.org
Tanya Broder (*pro hac vice*)
California Bar. No. 136141
broder@nilc.org
**NATIONAL IMMIGRATION LAW CENTER**
P.O. Box 34573
Washington, DC 20005-9997
(213) 674-2817 Telephone

*/s/ David Donatti*
David Donatti
Texas Bar No. 24097612
ddonatti@aclutx.org
Adriana Pinon
Texas Bar No. 24089768
apinon@aclutx.org
Edgar Saldivar
Texas Bar No. 24038188
esaldivar@aclutx.org
Sarah Corning*
Texas Bar No. 24144442
scorning@aclutx.org
**ACLU FOUNDATION OF TEXAS**
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Joshua M. Salzman*
D.C. Bar No. 982239
jsalzman@democracyforward.org
Brian D. Netter*
D.C. Bar No. 979362
bnetter@democracyforward.org
Paul R.Q. Wolfson*
D.C. Bar No. 414759
pwolfson@democracyforward.org
Skye L. Perryman*
Texas Bar No. 24060411
sperryman@democracyforward.org

**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090

*Pro Hac Vice Application Forthcoming or Pending*

**ATTORNEYS FOR PROPOSED INTERVENORS LA UNIÓN DEL PUEBLO ENTERO, AUSTIN COMMUNITY COLLEGE, AND OSCAR SILVA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

*/s/ Andrés Correa*
Andrés Correa