CHAD MIZELLE
Acting Associate Attorney General
ABHISHEK S. KAMBLI
Deputy Associate Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
DREW C. ENSIGN
Deputy Assistant Attorney General
ELIANIS PEREZ
Assistant Director
LAUREN FASCETT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civ. No. 7:25-cv-00055-O |
| STATE OF TEXAS, | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE**

Plaintiff's case sought invalidation of Texas Education Code §§ 54.051(m) and 54.052(a), which this Court granted, declaring those provisions of the Texas Code preempted by federal immigration law under 8 U.S.C. § 1623. *See* ECF No. 8. Despite the Court's entry of a Final Order and Judgment and grant of the parties' Joint Motion for Entry of a Consent Judgment, the Students for Affordable Tuition (SAT), an alleged unincorporated association composed of students attending public colleges and universities in Texas, seeks to intervene in this case under Federal

Rule of Civil Procedure 24 for the limited purpose of appealing the Court's decision. ECF Nos. 9 at 1 (SAT "seeks to intervene in this matter for purposes of an appeal because Defendant State of Texas will not appeal."), 9-1 at 17 ("the intervention is for purposes of appeal"). SAT claims its members would be directly harmed by the loss of reduced in-state tuition benefits and seeks to intervene to protect those interests. *See* ECF No. 9-1 at 8.

The Court should deny SAT's motion to intervene. The proposed intervention should be rejected as legally futile. SAT offers no valid legal challenge to the Court's Final Order and Judgment and has not articulated any claim or defense that would alter the conclusion that the Texas statute at issue is preempted by federal law. Because the intervenor presents no grounds that would warrant a different legal outcome, its request should be denied. Additionally, SAT has failed to meet the requirements to intervene as of right or under permissive intervention.

## PROCEDURAL HISTORY

Plaintiff United States of America filed its Complaint on June 4, 2025, against the State of Texas, asserting that Texas Education Code §§ 54.051(m) and 54.052(a)(3) are preempted by federal immigration law, specifically 8 U.S.C. § 1623. ECF No. 1. That same day, upon the parties' joint motion, the Court entered an Order and Final Judgment (ECF No. 8, the "Consent Order") declaring the challenged provisions unconstitutional and invalid under the Supremacy Clause. The Court found "that the challenged provisions, Texas Education Code §§ 54.051(m), 54.052(a), as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and [are] unconstitutional and invalid." *Id.* By the Consent Order, the Court permanently enjoined Defendant State of Texas, as well as its "successors, agents, and employees, from enforcing Texas Education Code § 54.051(m) and § 54.052(a), as applied to aliens who are not lawfully present in the United States." *Id.*

2

On June 11, 2025, SAT filed a Motion to Intervene for the purpose of appealing the Consent Order. Plaintiff files this response in opposition to SAT's motion.

## LEGAL STANDARDS

"If the intervening party's legal claim fails on the merits under clearly established law or a prior decision in the case, the motion to intervene can be dismissed as futile." *See King v. Flower Foods, Inc*., No. 21-579-BAJ-SDJ, 2023 WL 2731041, at *2 (M.D. La. Mar. 30, 2023) (*quoting In re Welded Constr., L.P.*, 618 B.R. 710, 723 (Bankr. D. Del. 2020)) "Indeed, the Fifth Circuit has affirmed denials of motions to intervene when the amended complaint in intervention asserts only claims that are time barred." *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. U.S.*, No. 02-1799, 2003 WL 1873089, at *3 (E.D. La. Apr. 10, 2003) (finding the court "bound ... to conclude that it is appropriate to deny a motion to intervene when the intervenor seeks to raise claims that are time barred") (internal citations omitted); *see also Atkins v. Gen. Motors Corp*., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).[1] The Fifth Circuit defines futility as the failure "to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th

[1] *Equal Employment Opportunity Commission v. Century I, L. C.,* 142 F.R.D. 494 (D. Kan. 1992) (denying motion to intervene to the extent the employee sought to assert claims for unlawful discharge under 42 U.S .C. § 1981 and the Civil Rights Act of 1991, holding that intervention would be futile, as a cause of action under those statutes was not recognized under the case law in this circuit); *Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd*., 840 F.2d 72, 74 (D.C. Cir. 1988) (finding that Rule 24(a) requires intervenors to have a legally sufficient claim); *In re Fine Paper Antitrust Litig*., 695 F.2d 494, 501 (3d Cir. 1982) (holding that "[i]n the circumstances of this case, it would be futile to allow intervention in order to present grounds on appeal which we have already rejected"); *See Stotts v. Memphis Fire Department*, 679 F.2d 579, 582 (6th Cir. 1982) (trial court rejecting intervention properly considered, as one factor, that relief sought was unavailable as a matter of law); *In re Am. White Cross, Inc.*, 269 B.R. 555, 558 (D. Del. 2001) (upholding bankruptcy court's order denying motion to intervene as futile because proposed claims were without merit); *Educ. Credit Mgmt. Corp. v. Bradco, Inc.*, No. CIV.A. 07-2418-DJW, 2008 WL 2066993, at *4 (D. Kan. May 14, 2008); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998); *Moss v. Stinnes Corp.*, No. 92 CIV. 3788 (JFK), 1997 WL 530113, at *1 (S.D.N.Y. Aug. 25, 1997), aff'd, 169 F.3d 784 (2d Cir. 1999).

Cir. 2000); *see also Hamilton v. First American Title Co.*, 2008 WL 3876038, at *4 (N.D. Tex. Aug. 15, 2008).

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). To intervene as of right, "1) the application to intervene must be timely, 2) the party must have an interest relating to the property or transaction which is the subject of the action, 3) the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 268 (5th Cir. 1977); *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996); *see also* FED. R. CIV. P. 24(a)(2). "Failure to satisfy any of these requirements precludes mandatory intervention."  *Kneeland v. Nat'l Collegiate Athletic Ass'n,* 806 F.2d 1285, 1287 (5th Cir.), *cert. denied,* 484 U.S. 817 (1987).

Under Rule 24(b), a court may permit anyone to intervene who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1), 24(b)(1)(B); *Louisiana v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025); *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 575 (5th Cir. 2023). Permissive intervention "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 471 (5th Cir.) (*en banc*), *cert. denied sub nom., Morial v. United Gas Pipe Line Co.,* 469 U.S. 1019 (1984).

## ARGUMENT

This Court should deny SAT's motion to intervene. Intervention in this case is legally futile because Texas Education Code §§ 54.051(m) and 54.052(a) are expressly preempted by federal

4

immigration law under 8 U.S.C. § 1623. Additionally, SAT has failed to demonstrate that the Court

should allow it to intervene as of right or as a permissive intervenor. *Id.*

**A.  Intervention In this Case Is Legally Futile.**

This Court should deny SAT's motion to intervene.  Intervention in this case is legally

futile because Texas Education Code §§ 54.051(m) and 54.052(a) are expressly preempted by

federal immigration law under 8 U.S.C. § 1623.

Here, SAT's proposed claims are futile because §§ 54.051(m) and 54.052(a)(3) are clearly

preempted by federal law. These provisions allow aliens not lawfully present in the United States

to qualify for in-state tuition based solely on Texas residency, while explicitly denying resident

tuition rates to U.S. citizens who do not meet Texas residency requirements. Specifically, Texas

Education Code § 54.051(m) provides that:

> *Unless the student establishes residency or is entitled or permitted to pay resident tuition as provided by this subchapter*, tuition for a student who is a citizen of any country other than the United States of America is the same as the tuition required of other nonresident students.

(emphasis added). Meanwhile, § 54.052(a) enumerates three criteria under which aliens not

lawfully present may nonetheless qualify for resident tuition.

(1) a person who:

> (A) established a domicile in this state not later than one year before the census date of the academic term in which the person is enrolled in an institution of higher education; and (B) maintained that domicile continuously for the year preceding that census date;

(2) are a dependent whose parent:

> (A) established a domicile in this state not later than one year before the census date of the academic term in which the dependent is enrolled in an institution of higher education; and (B) maintained that domicile continuously for the year preceding that census date; and

(3) a person who:

> (A) graduated from a public or private high school in this state or received the equivalent of a high school diploma in this state; and (B) maintained a residence continuously in this state for: (i) the three years preceding the date of graduation or receipt of the diploma equivalent, as applicable; and (ii) the year preceding the census date of the academic term in which the person is enrolled in an institution of higher education.

Related provisions, including § 54.053(3)(B), require such noncitizens to submit affidavits promising to apply for permanent residency as soon as eligible, underscoring the state's recognition of their non-lawful presence.

Texas calculates nonresident tuition under § 54.051(d) by averaging the nonresident undergraduate tuition charged to Texas residents at public universities in the five most populous states other than Texas. Resident tuition, however, is fixed by statute at $50 per semester credit hour. Tex. Educ. Code § 54.051(c). As a result, aliens not lawfully present who meet § 54.052(a)'s criteria pay significantly lower tuition—$50 per credit hour—equal to resident students, while U.S. citizens who fail to qualify as Texas residents pay the substantially higher nonresident tuition. This disparity directly conflicts with federal law.

"Under the Supremacy Clause, state laws that conflict with federal law must yield. *Gade v. National Solid Wastes Management Assn.,* 505 U.S. 88, 108 (1992); *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981) (Under the Supremacy Clause, state laws that conflict with federal law are "without effect."); *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (same); *see Est. of Miranda v. Navistar, Inc.*, 23 F.4th 500, 504 (5th Cir. 2022) (federal statute expressly preempts a state law when Congress "adopts express language defining the existence and scope of preemption" (citation omitted)); *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016) (When the statute contains an express preemption clause, the court does not indulge "any presumption against preemption but instead focus[es] on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent."); *Malone v. White Motor*

*Corp.*, 435 U.S. 497, 504 (1978) ("'The purpose of Congress is the ultimate touchstone'" of pre-emption analysis.") (quoting *Retail Clerks v. Schermerhorn*, 375 U.S. 96, 103 (1963)).

Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) to ensure, *inter alia*, that "aliens within the Nation's borders [do] not depend on public resources" and that public benefits do not incentivize immigration. *See* Pub. L. No. 104-208, Div. C, §§ 306, 308, 110 Stat. 3009-546 (1996), §§ 1601(2)(A), (B). Most critically, 8 U.S.C. § 1623(a) expressly prohibits states from granting postsecondary education benefits based on residency to aliens not lawfully present unless the same benefits are available to all U.S. citizens regardless of residency:

> "An alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State ... for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit ... without regard to whether the citizen or national is such a resident."

Texas's statutes plainly violate this provision by granting in-state tuition benefits to unlawfully present aliens that are denied to nonresident U.S. citizens. The Fifth Circuit recently confirmed this express preemption in *Young Conservatives of Texas Foundation v. Smatresk*, 73 F.4th 304, 312–13 (5th Cir. 2023), holding that § 1623(a) "expressly preempts state rules that grant illegal aliens benefits when U.S. citizens haven't received the same." Because SAT cannot overcome this clear legal bar, its proposed intervention is futile and should be denied.

**B.  The Court should deny SAT's request for permissive intervention.[2]**

Permissive intervention "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc.,* 732 F.2d at 470–71 quoting *Wright & Miller*, Federal

---

[2] SAT has not met its burden of demonstrating standing and cannot intervene as of right. *See generally*, ECF No. 47, Defendant's Opposition to SAT's Motion to Intervene.

Practice and Procedure: Civil § 1913 at 551; *Chambers Med. Found. v. Chambers*, 236 F.R.D. 299, 301 (W.D. La. 2006), *aff'd*, No. 2:05 CV 0786, 2006 WL 1895462 (W.D. La. July 5, 2006), and *aff'd sub nom. Chambers Med. Found. v. Petrie*, 221 F. App'x 349 (5th Cir. 2007).

In acting on a request for permissive intervention, it is proper to consider, among other things, "whether the intervenors' interests are adequately represented by other parties" and whether they "will significantly contribute to full development of the underlying factual issues in the suit." *Id.* at 472; *see Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). As explained *supra*, this case does not turn on factual issues or the development of a record. Instead, it presents a straightforward legal issue that the Court resolved in properly concluding that the federal statute preempted the state education law. SAT cannot change this legal conclusion by asserting sympathetic factual information from its members. *See Cajun Elec. Power Co-op., Inc. v. Gulf States Utilities, Inc.* 940 F.2d 117, 120–121 (5th Cir. 1991) (intervention denied where intervenor brought no unique arguments and the principles of contract interpretation would yield the same result, regardless of the intervention). For all these reasons this Court must deny permissive intervention.

Wherefore, the Court should deny SAT's motion to intervene.

DATED: July 2, 2025                    Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General
ABHISHEK S. KAMBLI
Deputy Associate Attorney General
YAAKOV M. ROTH                    ELIANIS N. PÉREZ
Principal Deputy Assistant Attorney General    Assistant Director
Civil Division
DREW C. ENSIGN                    *s/ Lauren E. Fascett*
Deputy Assistant Attorney General    LAUREN E. FASCETT
Civil Division                    Senior Litigation Counsel
                               United States Department of Justice
                               Civil Division

Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3466
Fax: (202) 305-7000
Email: lauren.fascett@usdoj.gov
*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2025, a copy of the above was electronically filed with the

Court's CM/ECF system and served on all counsel of record.


*/s/ Lauren E. Fascett*
LAUREN E. FASCETT
Senior Litigation Counsel