UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF TEXAS,<br><br>　　　　　Defendant,<br><br>and<br><br>STUDENTS FOR AFFORDABLE TUITION<br><br>　　　　　Defendant-Intervenor | Case No.: 7:25-cv-00055-O<br><br>**STUDENTS FOR AFFORDABLE TUITION'S REPLY TO THE UNITED STATES IN SUPPORT OF MOTION TO INTERVENE** |

## I.　INTRODUCTION

The United States fails to address the requirements of Rule 24. Instead, the United States focuses solely on the alleged futility of SAT's proposed defenses. The United States's arguments are misplaced. Federal Rule of Civil Procedure 24 does not require a proposed intervenor to demonstrate that its claims or defenses will ultimately prevail. Rather, Rule 24(a) requires only that the intervenor show a legally protectable interest that may be impaired by the litigation and is not adequately represented by the existing parties. Similarly, Rule 24(b) requires only that the intervenor have claims or defenses that share common questions of law or fact with the main action. SAT meets these requirements under both Rule 24(a) and (b). Accordingly, the Court should grant SAT's motion to intervene.

1

## II. LEGAL STANDARD

Under Rule 24(a)(2), intervention *must* be permitted when a proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action," and is so situated that disposition of the action may impair or impede its ability to protect that interest, unless existing parties adequately represent it. *See* Fed. R. Civ. P. 24(a)(2). Courts interpret Rule 24 liberally. *See Brumfield v. Dodd*, 749 F.3d 339, 441 (5th Cir. 2014); *Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, at *4 (5th Cir. Mar. 22, 2022) (describing the Fifth Circuit's "broad policy favoring intervention" and "minimal burden" on proposed intervenors).

Rule 24(b) permits intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact […] In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b). In acting on a request for permissive intervention, "it is proper to consider, among other things, 'whether the intervenors' interests are adequately represented by other parties' and whether they 'will significantly contribute to full development of the underlying factual issues in the suit.'" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (quoting *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

## III. ARGUMENT

### A. The United States's Futility Argument Misapplies Rule 24(a)

When evaluating motions to intervene, courts assess whether the intervenor alleges "a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." *See In re Merrill Lynch & Co., Rsch. Reps. Sec. Litig.*, No. 02 Civ. 8472 (JFK), 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (quoting *Williams & Humbert, Ltd. v. W&H Trade Marks (Jersey)*

2

*Ltd.*, 840 F.2d 72, 74 (D.C. Cir. 1988)). At the intervention stage, this Court "must accept as true non-conclusory allegations of the motion." *United Parcel Serv. of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 421 (E.D.N.Y. 2005); *see also Mendenhall v. M/V TOYOTA MARU NO. 11*, 551 F.2d 55, 56 n.2 (5th Cir. 1977) ("For purposes of passing upon the [movant's] right to intervene, these allegations are accepted as true."). The legal sufficiency standard is the same standard used in assessing a Rule 12(b)(6) motion. *See Merrill Lynch*, 2008 WL 2594819, at *5.

Courts have routinely held that Rule 24(a) does not require the proposed intervenor to prove the merits of its position. *See, e.g., Certain Underwriters at Lloyd's of London v. Winter*, No. 3:15-CV-01997-N, 2015 WL 12732628, at *2 (N.D. Tex. Nov. 4, 2015) (rejecting argument that an "alleged futility is a bar to intervention"); *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (holding that Rule 24(a)(2) requires only a showing of a "significantly protectable" interest and "courts need no longer apply a categorical prohibition on intervention on the merits"); *Brennan v. N.Y.C. Bd. of Ed.*, 260 F.3d 123, 130 (2d Cir. 2001) ("An interest that is otherwise sufficient under Rule 24(a)(2) does not become insufficient because the court deems the claim to be legally or factually weak.").

Here, the United States does not dispute that SAT satisfies the requirements of Rule 24(a)(2).[1] Indeed, SAT has shown a significant interest in the subject matter of this action, that disposition may impair that interest, and that the existing parties may not adequately represent that interest. *See generally* Dkt. 10. Because SAT's proposed defenses are legally cognizable, intervention is not barred by futility. *See Williams & Humbert, Ltd.*, 840 F.2d at 76 ("[T]hese

---

[1] Relying on Defendant State of Texas's opposition to SAT's motion to intervene [dkt. 47], the United States raises the issue of SAT's standing. If this Court considers SAT's standing, SAT references and incorporates its reply brief to Defendant State of Texas's opposition to its motion to intervene.

3

allegations adequately state a claim cognizable for Rule 24(a) purposes."). Moreover, whether SAT will prevail on the merits is inappropriate at this stage because "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert." *Oneida Indian Nation of Wisconsin v. State of N.Y.*, 732 F.2d 261, 265 (2d Cir. 1984). Therefore, the United States's futility arguments are inapplicable because Rule 24(a) does not require an evaluation of the merits.

**B.     The United States's Cited Authorities Are Inapposite**

The United States cites numerous cases denying intervention based on futility, but those cases involved facially defective interventions, such as those barred by statutes of limitation, unavailable relief, or waiver. *See* Dkt. 48 at 3. None of these are present in this action.

SAT's participation in this action is neither time-barred, nor futile, in contrast to the cases cited by the United States. *See Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) ("The district court denied the motion on the ground that their claims were barred by the statute of limitations."); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. Oct. 27, 1998) (affirming denial of intervention because "[t]he need for a fair and efficient resolution through settlement of this complex, expensive, ten-year-old case of great public importance far outweighs the negligible presumption of access to settlement materials."); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 501 (3d Cir. 1982) (affirming denial of intervention because appellants "failed to take the necessary steps in their own behalf" to protect their interests and sought intervention "long after they should have realized" they were not class members); *State Farm Mut. Also. Ins. Co. ex rel. Holley v. United States*, No. Civ.A. 02-1799, 2003 WL 1873089, at *3 (E.D. La. Apr. 10, 2003) ("[T]he Fifth Circuit has affirmed denials of motions to intervene when the amended complaint asserts only claims that are time barred.").

SAT's proposed defenses are also cognizable, as well as it has not waived its rights, unlike in some of the cases the United States relies upon. *See Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982) (denying intervention as a matter of law because there was "no legally cognizable interest in promotional expectations…"); *In re Am. White Cross, Inc.*, 269 B.R. 555, 558 (D. Del. 2001) (affirming denial of intervention because the creditor-intervenor "waived the right to enforce the contractual subordination provision by voting to approve [the] reorganization plan."); *Moss v. Stinnes Corp.*, No. Civ. 3788(JFK), 1997 WL 530113, at *1 (S.D.N.Y. Aug. 25, 1997) (denying intervention on the grounds that "[t]he ADEA applies only to employees and does not provide for claims of loss of spousal consortium."); *Equal Employment Opportunity Commission v. Century I, L.C.*, 142 F.R.D. 494, 496 (D. Kan. 1992) (denying motion to intervene on the grounds that "the Civil Rights Act of 1991, which amends 42 U.S.C. § 1981 […] does not apply retroactively" and "[t]he conduct in question in this lawsuit allegedly occurred in 1990, before the Civil Rights Act of 1991 became effective.").

The United States cites cases that in fact support SAT's position that Rule 24(a) does not require a determination of the merits concerning its proposed defenses. *See* Dkt. 48 at 3; *Williams & Humbert Ltd.*, 840 F.2d at 75 (D.C. Cir. 1988) ("An application to intervene should be viewed on the tendered pleadings […] not whether the applicant is likely to prevail on the merits."); *Educ. Credit Mgmt. Corp. v. Bradco, Inc.*, No. 07-2418-DJW, 2008 WL 2066993, at *4 (D. Kan. May 14, 2018) (granting intervention because the court's "inquiry must focus on whether [the proposed intervenor] has alleged legally sufficient defenses, and not whether she is likely to prevail on the merits of those defenses.").

/ / /

/ / /

**C.     The United States Mischaracterizes the Fifth Circuit's Ruling in *Young Conservatives***

Even if this Court could properly consider the merits at this time, the United States's reliance on *Young Conservatives of Texas Foundation v. Smatresk*, 73 F.4th 304 (5th Cir. 2023), is misplaced. That case addressed Texas Education Code § 54.051(d)—a provision not at issue here—and explicitly held that it was not preempted by 8 U.S.C. § 1623(a). *See Young Conservatives*, 73 F.4th at 313 (noting that Section 54.051(d) was "the one and only section challenged here"). To the extent the Fifth Circuit referred to potential preemption of other Texas Education Code provisions not before it, such commentary represents dicta. *See id.* at 311 (discussing that Section 54.051(d) was not expressly preempted "even if other, unchallenged provisions in Texas' scheme *may be*.") (emphasis added).[2] And courts are not bound by dicta. *See, e.g., U.S. Bank Nat'l Ass'n v. Verizon Communications, Inc.*, 761 F.3d 409, 427–28 (5th Cir. 2014) ("[I]f the statement is necessary to the result or constitutes an explication of the governing rules of law, it is not dictum.") (internal quotation marks omitted); *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980) ("We are not bound by dicta, even of our own court."); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004) ("A statement is dictum when it is made during the course of delivering a judicial opinion, but […] is unnecessary to the decision in the case and [is] therefore not precedential.") (internal quotation marks omitted).

Moreover, it remains unsettled whether Section 1623(a) expressly preempts the Texas Education Code provisions at issue in this case. Section 1623(a) prohibits states from offering postsecondary education benefits to undocumented immigrants based *solely* on residency. However, Texas Education Code §§ 54.051(m) and 54.052(a) do not confer such benefits solely

---

[2] The Fifth Circuit did not specify which Texas Education Code provisions *may be* preempted; instead, the Fifth Circuit provided a general commentary about the Texas Education Code. Notably, the Fifth Circuit did not even mention the challenged provisions at issue in this action.

on the basis of residency. Under Texas Education Code § 54.052(a), an immigrant qualifies as a Texas resident only if they both maintained a residence in Texas for a designated period *and* graduated from a Texas high school or received an equivalent of a high school diploma in Texas. The Fifth Circuit in *Young Conservatives* did not address whether Texas Education Code § 54.052(a) *plainly* conflicts with Section 1623(a), nor did it determine whether Section 1623(a) expressly preempts Texas Education Code §§ 54.051(m) and 54.052(a). Because the United States has not demonstrated that SAT's defenses are foreclosed by binding precedent or previous adjudication addressing the same statutory provisions, the question of whether Texas Education Code §§ 54.051(m) and 54.052(a) are preempted remains unsettled. Accordingly, it is necessary for the Fifth Circuit to address these unsettled legal questions at a later stage of the proceedings.

Therefore, the Court should allow SAT to intervene because it aligns with the purpose of Rule 24, namely to ensure that parties with legally protectable interests have an opportunity to be part of the litigation—not to require them to prove their case before participating. *See United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002) ("A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.") (internal quotation marks omitted); *Oneida*, 732 F.2d at 266 (holding that "intervenor's claims for relief can better be decided upon remand after determination of the merits.").

### D.    The United States Fails to Address the Requirements of Permissive Intervention

This Court should allow for permissible intervention under Rule 24(b). For the reasons stated above, SAT's motion to intervene is not futile, and it remains unsettled whether federal law preempts the specific provisions of the Texas Education Code at issue. The United States also misinterprets *Cajun Elec. Power Co-op., Inc. v. Gulf States Utilities, Inc.*, 940 F.2d 117 (5th Cir. 1991). In *Cajun Electric*, the Fifth Circuit upheld the denial of permissible intervention under

Rule 24(b), emphasizing the absence of "extraordinary facts" to warrant reversal. *See* 940 F.2d at 121. That case is distinguishable because SAT explained in detail how increased tuition rates will directly harm its members. Contrary to the United States's contention, the Fifth Circuit's analysis of "no unique arguments to the litigation" focused on intervention as of right under Rule 24(a)—not permissive intervention under Rule 24(b). Further, the United States does not dispute, nor address whether SAT's proposed defenses raise common questions of law or fact with the main action. Moreover, any potential delay or prejudice from intervention stems from the Parties' own decision to rush into a consent judgment mere hours after the Complaint was filed.

## IV.   CONCLUSION

Rule 24(a) requires only a showing of a legally protectable interest—not a likelihood of success on the merits. Further, the United States does not challenge whether SAT's proposed defenses have a common question of law or fact with this action under Rule 24(b). Because SAT has satisfied the requirements of Rule 24, and the United States's futility arguments are inappropriate at this stage, the Court should grant SAT's motion to intervene.

Dated: July 16, 2025                             Respectfully submitted,

*/s/ Luis L. Lozada*
Luis L. Lozada (Cal. Bar No. 344357)^
Thomas A. Saenz (Cal. Bar No. 159430)^
Fernando Nunez (Cal. Bar No. 327390)*
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th floor
Los Angeles, CA 90014
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
fnunez@maldef.org
llozada@maldef.org

Nina Perales (Tex. Bar No. 24005046)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND

8

110 Broadway, Suite 300
San Antonio, Texas 78205
Facsimile: (210) 224-5382
Email: nperales@maldef.org

*Attorneys for Students for Affordable Tuition*

*^Pro Hac Vice*
*\*Pro Hac Vice Application Pending*