UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*,<br><br>v.<br><br>STATE OF TEXAS,<br>   *Defendant*. | CIVIL ACTION NO. 7:25-CV-00055-O |

**DEFENDANT STATE OF TEXAS'S OPPOSITION TO
AUSTIN COMMUNITY COLLEGE, OSCAR SILVA, AND
LA UNION DEL PUEBLO ENTERO'S MOTION FOR LEAVE TO SUPPLEMENT
EMERGENCY MOTION TO INTERVENE RECORD**

  Defendant, the State of Texas, hereby responds to Austin Community College, Oscar Silva ("Silva"), and La Unión del Pueblo Entero's (collectively, "Proposed Intervenors") Motion for Leave to Supplement Emergency Motion to Intervene Record ("Motion for Leave," ECF No. 64).

## INTRODUCTION

  Proposed Intervenors seek to circumvent Texas's interest in this litigation and defend their own policy preferences. Texas's opposition (ECF No. 50) to Proposed Intervenors' Motion to Intervene ("Motion to Intervene," ECF No. 16) demonstrates that Proposed Intervenors' do not have an independent interest in this action and lack standing. Proposed Intervenors now seek leave from the Court to include new factual allegations to bolster their intervention for purposes of appeal. Because this is improper as set forth below, the Court should deny Proposed Intervenors' Motion for Leave.[1]

---

[1] Ordinarily, a district court abuses its discretion when it fails to "either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). However, in an attempt to avoid further unnecessary delay in the resolution of these issues and out of respect for this Court's time and resources, Texas does not seek a sur-reply in this instance.

## BACKGROUND

On June 4, this Court entered an order and final judgment (the "Consent Judgment") declaring that "Texas Education Code §§ 54.051(m), 54.052(a), as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and are unconstitutional and invalid" and permanently enjoining the enforcement of those provisions "as applied to aliens who are not lawfully present in the United States." ECF No. 8. Three weeks later, Proposed Intervenors filed an Emergency Motion to Intervene, alleging that Silva "is able to attend UNT because of the Texas Dream Act," which made him "eligible for in-state tuition" and without which "he *may* be forced to withdraw from school." ECF No. 16. at 9 (emphasis added). The motion goes on to state that "due to the Consent Order, he *fears* his tuition could skyrocket before the August 20, 2025 payment deadline, and he *may* be forced to give up on his plans for his career and his future." *Id.* at 9–10 (emphases added). An appendix containing a declaration by Silva was filed the same day. *See* ECF No. 19, ex. 15. Attempting to present factual support for the motion's assertions, that declaration included the following statements:

> *If* I am no longer eligible for in-state tuition for the remaining year of my degree, it will cause extreme financial duress to my household and likely result in my withdrawal from UNT because of the cost.
>
> . . .
>
> *I am afraid that* the consent order in this case will obligate UNT to reassess my status, and I will be forced to pay higher rates.
>
> . . .
>
> *If* I am ineligible to receive in-state tuition for the remaining two semesters of my education, I will not be able to finish my degree.

*Id.* at ¶¶ 9, 10, 14 (emphases added). The declaration further stated that the lack of communication from Silva's university had left him "in a state of uncertainty, both for the Fall and Spring semesters." *Id.* at ¶ 11.

In its opposition to the Motion to Intervene on July 14, 2025 (the "Opposition"), Texas responded that Silva had failed to adequately allege a sufficient interest in the lawsuit for purposes

2

of intervention because key statements in both the Motion to Intervene and declaration were merely conclusory and lacked specificity. ECF No. 50 at 10–11. Texas also averred that intervention for purposes of appeal would be futile because Proposed Intervenors, including Silva, lack standing to invoke the jurisdiction of the Fifth Circuit. *Id.* at 18. Again, Texas pointed out the lack of specificity and speculative, hypothetical nature of key statements in Silva's declaration. *Id.* at 18 n.2.

Proposed Intervenors now seek leave to accompany their reply with an appendix containing two new exhibits. *See generally* ECF Nos. 63, 64, 65. Texas is not opposed to the submission of a July 18 memorandum and revised affidavit by the Texas Higher Education Coordination Board addressed to the chancellors and presidents of public institutions, which was not available to the parties at the time the Motion to Intervene was filed. *See* ECF No. 65, ex. 20. Texas is opposed, however, to Proposed Intervenors' attempt to use these materials as a pretext to introduce a second declaration by Silva that seeks to cure the manifest deficiencies of the first. As explained in Texas's motion to strike a similar attempt from another would-be intervenor, such attempts to introduce additional evidence concurrent with a reply are wholly improper. *See* ECF No. 62.

## ARGUMENT AND AUTHORITIES

This Court should reject Proposed Intervenors' attempt to fortify their reply with additional evidence through their motion for leave. "It is well settled that the reply brief may not contain new evidence." *Galderma Lab'ys, L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008) (Means, J.) (citations omitted); *see also Texas Health & Hum. Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 710 n.4 (N.D. Tex. 2016) (Godbey, J.) (stating that "offering new evidence in a reply brief is improper"). While Proposed Intervenors have at least complied with the requirement to seek leave from the court, such "leave to file new evidence in support of a reply will be granted only in limited circumstances." *Lewis v. Sw. Airlines Co.*, No. 3:16-CV-1538-M, 2017 WL 879225, at *3 (N.D. Tex. Mar. 6, 2017). Those limitations follow from the oft-repeated proposition that "the purpose of a reply brief is to rebut the

3

nonmovant's response, not to introduce new evidence." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. CIV.A. 3:01-CV-1397, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (Solis, J.); *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991) (Fitzwater, J.) (stating a reply "is to contain argument, not new supporting materials"). Nor is this principle limited to evidence supporting new arguments. *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) (Lindsay, J.) ("Just as new arguments are inappropriate, it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence.").

Here, it is not entirely clear the purpose for which Silva's new declaration is offered. The motion for leave stipulates the new declaration's purpose is "solely to clarify, in light of the new THECB memorandum, that 'if asked to provide documentation showing my lawful presence in the United States, [Silva] will not be able to provide such documentation to UNT.'" ECF No. 64 at 2 (quoting ECF No. 65, Ex. 19 at ¶ 4). And it argues the declaration is relevant because it "illustrate[s] how the Court's Consent Order 'may as a practical matter impair or impede the movant's ability to protect its interest.'" ECF 64 at 2. However, that does not appear to be how the new evidence is used in Proposed Intervenors' reply. Indeed, the new declaration goes unmentioned in the portion of the reply addressing impairment of interests, including in support of the contention that "[w]ithout the Dream Act, Silva and LUPE's members will face tuition rates potentially four times higher than in past semesters, which will likely force them to forgo their education." ECF No. 63 at 12. Instead, Proposed Intervenors appear to employ the new declaration to bolster arguments on standing. *Id.* at 5 n.6.

As far as Texas understands it, the argument appears to be that submission of Silva's new declaration is warranted because the new affidavit form from the Texas Higher Education Coordination Board now requires students to "demonstrate" lawful presence. *See id.* Proposed Intervenors declare surprise at the somehow unanticipated requirement that a student without lawful presence who qualified for in-state tuition before the Consent Judgment would need to

4

demonstrate lawful presence to continue paying in-state tuition after the Consent Judgment. But that requirement flows directly and inevitably from this court's declaration that "Texas Education Code §§ 54.051(m), 54.052(a), as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and are unconstitutional and invalid" and its accompanying permanent injunction against the enforcement of those provisions "as applied to aliens who are not lawfully present in the United States." *See* ECF No. 8. Silva possessed every new fact he alleges in his second declaration at the time the Motion to Intervene was filed. And Proposed Intervenors were fully aware of the relevance of those facts to their motion. They cannot now use an unrelated document stating the obvious—that students who qualified for in-state tuition under circumstances now enjoined must demonstrate entitlement by another means should they wish to retain that benefit—as a catalyst for inserting tardily submitted evidence through the backdoor. *See Baker v. Bowles*, No. 3:05-CV-1118-L (BH), 2007 WL 9747873, at *6 (N.D. Tex. Apr. 4, 2007) (Ramirez, M.J.) (sustaining an objection to the submission of new evidence in the supplemental appendix to a reply because it was in the movant's possession prior to filing the original motion), *report and recommendation adopted*, No. 3:05-CV-1118-L, 2007 WL 9747849 (N.D. Tex. July 10, 2007), *aff'd*, 271 F. App'x 419 (5th Cir. 2008).

      Proposed Intervenors' reliance on *HWY 67 Dealership JV v. Depositors Ins. Co.* to argue that new evidence may be considered where it is "responsive to arguments raised by Defendant in its Response Brief" is unavailing here. *See* ECF No. 64 at 2–3 (quoting No. 3:22-CV-00784-L, 2024 WL 5166651, at *3 (N.D. Tex. Mar. 15, 2024)). In that case, the court specifically distinguished the circumstances under consideration from a situation like the present one in which a filing "presents dispositive evidence by way of new affidavits and exhibits, thereby depriving the nonmovant of a meaningful opportunity to respond." *HWY 67 Dealership JV*, 2024 WL 5166651, at *3 (cleaned up). Furthermore, this is not a case in which new evidence is submitted "to rebut an argument . . . presented *for the first time* in [a] response brief." *See Dulcich, Inc. v. DaPron*, No. 3:23-CV-00405, 2025 WL 976598, at *1 (S.D. Tex. Apr. 1, 2025) (emphasis added). Proposed Intervenors argued that Silva had standing and a direct, concrete, personalized interest in the

5

litigation. ECF No. 16 at 11, 15–17. Without introducing new evidence, Texas countered both arguments in response. ECF No. 50 at 10–11, 18. And in so doing, Texas did not, for example, "specifically reference[]" evidence not before the court such that Proposed Intervenors "may submit the full context" of that evidence as part of their reply. *See Jackson v. Triumph Aerostructures, LLC*, No. 3:15-CV-0535-B, 2016 WL 4800358, at *2 (N.D. Tex. Sept. 12, 2016) (referring to its grant of leave as "an infrequent result"). But Proposed Intervenors nonetheless seek to use Silva's new declaration to buttress preexisting arguments that have been at the heart of their intervention attempt from the very beginning. Perhaps they failed to anticipate Texas's arguments in opposition, but such "circumstances do not warrant the admission of a reply appendix." *Nassar v. UT Sw. Health Sys.*, No. CIV.A. 3:08-CV-1337-B, 2009 WL 2849585, at *1 (N.D. Tex. Sept. 1, 2009) (Boyle, J.) (denying "leave to present limited evidence in reply to unanticipated arguments made" in response to a motion).

## CONCLUSION

For the reasons set forth above, the State of Texas respectfully requests that the Court deny Proposed Intervenors' Motion for Leave and disregard arguments in Proposed Intervenors' reply brief relying on evidence in the same.

Dated: July 25, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted,

/s/ Zachary L. Rhines
ZACHARY L. RHINES
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

WADE A. JOHNSON
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

**COUNSEL FOR DEFENDANT,
THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on July 25, 2025, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

/s/ Zachary L. Rhines
ZACHARY L. RHINES
Special Counsel