UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS,<br><br>     *Defendant*. | Civil Action No. 7:25-cv-00055-O |

**DEFENDANT STATE OF TEXAS'S RESPONSE TO PROPOSED INTERVENOR STUDENTS FOR AFFORDABLE TUITION'S ADVISORY TO THE COURT REGARDING NOTICE OF APPEAL DEADLINE**

On August 1, 2025, Proposed Intervenor Students for Affordable Tuition (SAT) filed an advisory to the Court, ECF No. 75, informing the Court of the upcoming August 4, 2025 deadline to appeal the Court's June 4, 2025 final order, *see* ECF No. 8. In its advisory, SAT informed the Court that it "intends to file a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)" if the Court does not grant its motion to intervene. ECF No. 75 at 1. The Court instructed any party opposed to SAT's motion for an extension of time to respond by 1:00 p.m. on Monday August 4, 2025. ECF No. 76 at 1. Consistent with that Order, Texas opposes any motion for extension of time for the reasons set forth below.

### Response

"It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit." *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996) (en banc) (citing *Marino v. Ortiz,* 484 U.S. 301, 304 (1988)). Federal Rule of Appellate Procedure 4(a)(5), which governs extensions of time to file notices of appeal, is consistent with his principle, only allowing *parties* to seek extensions of time. Specifically, Rule 4(a)(5) provides:

>The district court may extend the time to file a notice of appeal if:
>
>>(i) a *party* so moves no later than 30 days after the time prescribed by this Rule 4(a) expires, and
>>
>>(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that *party* shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A) (emphases added). As with filing a notice of appeal, only a party may move to extend the deadline for appeal under the rules.

Courts commonly recognize the practice of filing a "protective notice of appeal." *See, e.g.*, *Stockstill v. Petty Ray Geophysical, Div. of Geosource, Inc.*, 888 F.2d 1493, 1496 (5th Cir. 1989) (recognizing a protective notice of appeal as "permissive"); *Lopez v. Thaler*, No. EP-09-CV-13-KC, 2010 WL 5636731, at *7 (W.D. Tex. Dec. 23, 2010), report and recommendation adopted, No. EP-09-CV-13-KC, 2011 WL 237698 (W.D. Tex. Jan. 20, 2011) (declining to find prejudice due to a gap in representation "because a protective notice of appeal was filed"). That option would not create further unnecessary delay and thus would be the most appropriate course of action in this instance. *See, e.g., CE Design, Ltd. v. Cy's Crab House N., Inc.*, 731 F.3d 725, 729 (7th Cir. 2013) (recognizing the option for a proposed intervenor to "file a protective 'springing' notice of appeal before the time expires" for filing an appeal); *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 509 (7th Cir. 1996) (observing that if a motion to intervene was "not acted upon until the time had expired, the would-be intervenor could nevertheless protect himself by filing a notice of appeal conditional on the court of appeals' granting the application to intervene"). A protective notice of appeal would functionally preserve SAT's ability to appeal the Court's final judgment in this case without delving into the substantive question of whether a proposed intervenor is a "party" for the purposes of Rule 4(a)(5). And since SAT has stated that it is prepared to file a notice of appeal on August 4, 2025, *see* ECF No. 75 at 1, it cannot show good cause for an extension of time—an essential element for a Rule 4(a)(5) motion, *see* Fed. R. App. P. 4(a)(5)(A)(ii).

## Conclusion

The State of Texas respectfully requests that the Court deny SAT's Motion for Extension of Time to File a Notice of Appeal under Rule 4(a)(5).

Dated: August 4, 2025

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Ryan D. Walters**
Deputy Attorney General for Legal Strategy

**Ryan G. Kercher**
Chief, Special Litigation Division

Respectfully submitted,

*/s/ Zachary L. Rhines*
**Zachary L. Rhines**
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

**Wade A. Johnson**
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

**Counsel for Defendant,
The State of Texas**

## Certificate of Service

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on August 4, 2025, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

*/s/ Zachary L. Rhines*
**Zachary L. Rhines**
Special Counsel