IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-CV-00055-O |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| Defendant. | § | |

## ORDER

On August 1, 2025, Students for Affordable Tuition ("SAT") filed a Notice of Impending Deadline.[1] In the Notice, SAT stated "if the Court has not issued an order by August 4, 2025, SAT *intends* to file a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)."[2] Austin Community College, Oscar Silva, and La Unión del Pueblo Entero (collectively, the "LUPE Intervenors") filed a "joinder in support of the request for an extension of time to file a notice of appeal made by [SAT]."[3] However, neither SAT nor the LUPE Intervenors filed a motion to extend the appeal deadline after August 4, 2025. Rather, both SAT and the LUPE Intervenors filed Protective Notices of Appeal.[4]

Since filing their Protective Notices of Appeal, SAT and the LUPE Intervenors have carried on in this case as though the Court still has jurisdiction over their pending Motions to Intervene, such as, for instance, filing a Request for Status Conference.[5] Further, no party has asserted jurisdiction has been divested due to the Protective Notices of Appeal. Accordingly, to

---

[1] *See* SAT Notice, ECF No. 75.
[2] *Id.* at 1 (emphasis added).
[3] LUPE Notice of Joinder 1, ECF No. 79.
[4] *See* SAT Protective Notice of Appeal, ECF No. 80; LUPE Protective Notice of Appeal, ECF No. 81.
[5] *See* LUPE Request for Status Conference, ECF No. 82.

the extent the Court retains jurisdiction to decide the underlying motions, the Court will rule on the pending Motions to Intervene.

    **SO ORDERED** on this **15th day** of **August, 2025**.

_/s/ Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**